## Martin J. Lawlor's Contested Election.   Martin J. Lawlor's Appeal.

*Election law—Ballot—Pasters attached to official ballot.*

A ballot cannot be counted for a candidate where the candidate's name and title of office had not been printed upon the official ballot, but upon separate tickets or stickers which had been inserted and pasted upon the official ballot by the persons who voted for him.

It is the duty of those specially charged with the preparation and distribution of the official ballot to see that the name or title of every office to be filled at a forthcoming election is distinctly designated thereon, as the election law specifically requires.

The only prescribed mode of voting for persons whose names are not already on the ballot is by inserting their names in the blank spaces prepared therefor in the right hand column of the official ballot. It is the name only that is to be thus inserted, not the title of the office to be filled. The latter is already printed there, and constitutes part of the ballot prepared for the use of the voter.

Argued Feb. 15, 1897.   Appeal, No. 544, Jan. T., 1896, by Martin J. Lawlor, from order of Q. S. Schuylkill Co., declaring election void.   Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ.   Affirmed.

Petition in election contest.   Before PERSHING, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was in declaring the election invalid.

*John F. Whalen* and *Wm. A. Marr,* for appellant.—The paster as affixed to the official ballot in the present case obliterated no names, no titles to office, no directions, but was inserted in the blank space provided for it on the official ballot.

This case was decided by the court below on the petition and

answer. The official ballots were not produced, and no sample ballots were put on record. There was no testimony taken to show just what the method of voting was, and the court on that question had nothing but the averments in the petition.and answer, and the appellant submits that all of the material averments of the petition to contest were denied under oath, and that therefore the learned judge in the court below should have permitted the answer to stand, and required the contestants to make proof of the allegations in their petition.

*A. W. Schalck,* for appellees, cited as to the ballots and the manner of voting, etc.: McCowin's App., 165 Pa. 233; Redman's Case, 173 Pa. 59; DeWalt v. Bartley, 146 Pa. 529; McKees Borough Election, 1 Dist. R. 240; In re Form of Official Ballot, 1 Dist. R. 727; Loucks' Case, 3 Dist. R. 127; East Coventry Case, 3 Dist. R. 377; Long v. Kochenderfer, 3 Dist. R. 678; Pike Election, 5 Dist. R. 119; Elizabethville Election, 5 Dist. R. 227.

OPINION BY MR. CHIEF JUSTICE STERRETT, April 12, 1897:

At an election held in and for the borough of Shenandoah on the third Tuesday of February, 1896, the appellant was returned elected to the office of justice of the peace in said borough. The validity of the election having been duly contested, it was adjudged illegal and void, and was accordingly set aside by the court for want of compliance with the election law. Hence this appeal by the contestee, in which the correctness of said adjudication is challenged.

A careful consideration of the record has convinced us that the decree is substantially correct, and hence the only specification of error thereto cannot be sustained. Indeed, the conclusion reached by the learned president of the quarter sessions is so obviously correct that it is scarcely necessary to do more than affirm the decree.

The petition on which this proceeding is based charges that, for various causes therein specified, " the said pretended election for borough justices was unauthorized and illegal," etc. It is unnecessary to notice all of said specified " causes;" a brief reference to one of them will suffice.

The 5th specification avers: "the pretended votes cast or

alleged to have been cast at said election for said Lawlor, for said office, were not printed or written on the ballots on which it is claimed they were cast, but, if voted at all, they were pasted thereon without authority of law."

The 9th avers: " The official ballots distributed by the county commissioners according to law . . . . did not contain the name or title of borough justices of the peace, or justices of the peace of said borough, as being among the offices then to be filled, or to be voted for at said election, and in nowise designated said office, or provided for it, as one of the offices to be voted for at said election."

The 10th avers: " There was no designation of said office on said official ballots, nor was there any blank space on said ballots for the insertion of said office, or of the names of the candidates therefor, or of any one to be voted for, for said office at said election,—and the attaching of the pasters or stickers thereon, as aforesaid, was indiscriminate, unauthorized and illegal."

While appellant's answers to these and other specifications in the petition are far from being as direct, specific and responsive as they should have been, they either admit in express terms or, by their failure to specifically deny, tacitly concede facts enough to show that the votes alleged to have been cast for appellant for the office of borough justice were illegal and void. In his answer to the 9th specification, supra, he avers " that the official ballots on which his name appeared as a candidate for borough justice . . . . were the ballots printed and distributed by the county commissioners, and further avers that the title of borough justice of the peace did appear upon the tickets inserted and pasted upon said ballots."

This answer consists of two averments, the first of which, standing alone, is vague and uncertain, and would be misleading if it were not for the explicit declaration of the last averment, viz : " that the title of borough justice of the peace did appear upon the tickets inserted and pasted upon said ballots."

In his answer to the tenth specification, appellant asserts " that there were blank spaces on said ballots for the insertion of said offices and for the insertion of the names of the candidates therefor," and virtually admits that the votes cast for himself were prepared by attaching pasters or inserting the same

upon the official ballots; on which pasters the names of candidates for justice of the peace and the name or title of said office appeared; and he claims that this mode of voting for persons and for offices not appearing on the official ballots "was authorized and according to law."

Without further reference to averments on which contestants rely, as evidence of the illegal manner in which appellant was voted for, etc., it is sufficient to say that so far as said averments are material, they are either substantially admitted or they are not sufficiently denied in the answers. It clearly appears that the only way in which appellant, as a candidate for borough justice, was voted for, was by using a sticker or adhesive tickets having thereon appellant's name and the title of the office of justice of the peace, and pasting or otherwise attaching said sticker or ticket to the official ballot. It is not even pretended that the official ballot, as printed by order of the commissioners and distributed by them, contained either the name of appellant, or the name or title of the office of borough justice or justice of the peace. The only way therefore in which appellant's name and the title of the office could have appeared on the official ballots cast for him was by their being upon separate tickets or stickers which were "inserted and pasted upon said ballots" by those who voted for him.

There is no authority in the election law or elsewhere for thus voting for a person to fill an office the name or title of which is not designated on the official ballot prepared for the use of voters. It is the duty of those specially charged with the preparation and distribution of the official ballots to see that the name or title of every office to be filled at the forthcoming election is distinctly designated thereon as the election law specifically requires. The obvious reason why the office of "Borough Justice of the Peace" was not so designated on the ballot prepared for the use of voters at the election in question is because no such officer was authorized to be chosen at that time, as the court below correctly held. If it had been otherwise the title of the office would have been properly designated in each column of the official ballot, and if appellant's name as a candidate for the office of borough justice, etc. did not appear on the ballot, those desiring to vote for him could do so by inserting his name in the blank or right hand column immediately under the designation

of said office. As was said in McCowin's Appeal, 165 Pa. 233, " The only prescribed mode of voting for persons whose names are not already on the ballot is by inserting their names in the blank spaces prepared therefor in the right hand column of the official ballot. It is the name only that is to be thus inserted, not the title of the office to be filled. The latter is already printed there and constitutes part of the ballot prepared for the use of voters," etc.

In that case the respective titles of all the offices to be filled, or that were voted for, were properly designated on the official ballot, but some electors conceived the idea of amending the official ballot by preparing a right hand column of their own, containing titles of the respective offices to be filled and names of candidates for each, and pasted the same over the right hand column of the official ballot, thus substituting for the latter the ticket or column prepared by themselves. It was there held that, "to permit the voter to procure from outside parties a slip ticket or sticker, corresponding in size with said column, and paste the same over the printed matter, as well as the blank spaces thereon, would be contrary to the letter as well as the spirit of the act." It would be equally contrary to both, to sanction what was done in this case. The directions of the act, as to what the voter shall do and how it shall be done, are plain, explicit and mandatory. No substantial departure from those directions can ever be safely recognized as their legal equivalent.

There appears to be no error in the decree, and it is therefore affirmed with costs to be paid by appellant.

*John F. Whalen* and *Wm. A. Marr*, for appellant.

*A. W. Schalck*, for appellee.