53 So.2d 350

### YOUNG v. STATE ex rel. RUSSELL.

8 Div. 564.

Supreme Court of Alabama.

May 24, 1951.

Rehearing Denied June 28, 1951.

Julian Harris and Norman W. Harris, Decatur, A. A. Carmichael, Atty. Gen., and Gardner F. Goodwyn, Jr., Asst. Atty. Gen., amici curiae, for appellee.

S. A. Lynne, Decatur, for appellant.

LIVINGSTON, Chief Justice.

This is an action in the nature of a quo warranto, Title 7, § 1136, Code 1940, in-

stituted in the name of the State on relation of G. M. Russell against James Edgar Young, charging him with usurping, intruding and unlawfully holding and exercising the functions and duties of the office of member of the County Board of Equalization of Morgan County, Alabama.

The complaint as amended followed substantially the statute and the demurrer thereto was properly overruled. Sharp v. State ex rel. Elliott, 217 Ala. 265, 115 So. 392; Hale v. State ex rel. Algee, 237 Ala. 191, 186 So. 163.

The defendant filed several pleas. The first two pleas are a general denial of the allegations of the information. Defendant also filed his plea "3" in an effort to conform to the rule announced by this court in Sharp v. State ex rel. Elliott, supra, which states that respondent's answer must allege the facts which are necessary to show that he lawfully holds the office and rightfully exercises its duties and powers.

This plea as amended from time to time sought to allege that the respondent was holding his office pursuant to Title 51, §§ 89 and 91, Code 1940. Section 89, Title 51, Code 1940, as amended reads in part as follows: "During the month of August, 1943, and during the month of August of each fourth year thereafter, the court of county commissioners, or other governing body of each county, the county board of education, and the governing body of the largest municipality in each county, shall each submit in writing to the state commissioner of revenue, the names of three persons, and the governing body of each other incorporated municipality within the county shall, in like manner, submit the name of one person, all of whom are residents of the county, and who are each owners of taxable property which is located within this state, and who are each qualified electors in said county, and who are, in the opinion of said nominating body, persons competent to serve as members of the county board of equalization. * * * From each group of three nominees, submitted by the county governing bodies and the county board of education and from the total group of nominees sub-

mitted by the governing bodies of the municipalities, the commissioner of revenue, within thirty days after receipt of such lists of nominees, with the approval of the governor shall appoint one person to membership on the county board of equalization so that the membership of said board shall be composed of three members, one of whom was nominated by the governing body of the county, one by the county board of education, and one by the governing body of the incorporated municipalities in the county, * * * provided, however, that the commissioner of revenue may reject any group of nominees, in which event the body nominating them shall submit additional names, one of whom shall be appointed by the commissioner of revenue with the approval of the governor."

Section 91, Title 51, Code 1940, dealing with how vacancies shall be filled reads as follows: "Should any person appointed to membership of any board of equalization fail or refuse to take and subscribe to the oaths required by the preceding section, within five days after being notified of his appointment to membership on said board, or shall, for any other reason herein enumerated become disqualified to serve as a member on said board, or should a vacancy on any board occur from death, resignation or any other cause, then the commissioner of revenue shall select from the remaining nominees on the list from which such original nominee was taken a person to fill the position to which such disqualified person was first appointed, or to fill the vacancy on said board. Should the remaining nominees be, for any reason, disqualified to serve on said board, then the commissioner of revenue shall request the proper nominating body to name three additional persons eligible to serve on said board and from such additional nominees a person shall be selected to fill the vacancy occasioned by the disqualification of the original nominee or nominees or other vacancy. Any appointment to fill a vacancy on any board of equalization shall be for the unexpired term only."

Plea "3" as finally amended states substantially the following: that in August, 1947, the Morgan County Board of Educa-

'tion submitted a list of three means to the Commissioner of Revenue. That list contained the names of Phil M. Orr, G. M. Russell and Eugene E. Graves. It appears that the commissioner rejected said nominees as a whole and so notified the Board of Education. It does not appear, however, that the Board of Education furnished the commissioner, at that time, with any additional list. But it does appear that E. E. Graves was subsequently appointed and served as a member of the Board of Equalization of Morgan County. It also is alleged that Phil M. Orr was appointed as a member of the Board of Equalization but that his name was selected by the Commissioner of Revenue from the list of three persons submitted by the governing body of Morgan County, and that only one name remained on the original list as submitted by the Board of Education in August 1947. That on February 28, 1950, the Commissioner of Revenue advised the Board of Education that its list of nominees had been reduced to one name, and requested the board to nominate two other persons, from which nominees the Commissioner might choose a successor to E. E. Graves who had resigned. That the Board of Education submitted the names of one B. E. Braswell and this defendant and that subsequently this defendant was appointed by the Commissioner of Revenue, to the Board of Equalization.

Many grounds of demurrer were interposed to plea "3" and raised the question that the Commissioner of Revenue was without authority under Title 51, § 91, Code 1940, to call for additional nominees so long as there remained a qualified person on the list of nominees as originally submitted by the Board of Education and that the Board of Education was without authority to submit additional nominees for the same reason.

■ Appellant earnestly insists that there was error in the trial court order sustaining demurrer to plea "3" and that it was the legislative intent that the Commissioner of Revenue in making appointments to the boards of equalization always have a choice of three nominees. People ex rel. Balcom v. Mosher, 163 N.Y. 32, 57 N.E. 88, 79 Am.

St.Rep. 552; Boyer v. Mayor etc., of City of Creston, Iowa, 113 N.W. 474; Robertson v. Alberson, Iowa, 114 N.W. 885. We are not at odds with the broad legal principle announced in these authorities but we cannot construe such a principle as a limitation upon the authority of the legislature to provide its own method of selection and appointment of persons to public offices.

So viewed we conclude that the appointment here involved must be governed by Title 51, § 91, Code 1940. The pertinent portion reads: "then the commissioner of revenue shall select from the remaining nominees *on the list from which such original nominee was taken* a person to fill the position to which such disqualified person was first appointed, or to fill the vacancy on said board. Should the remaining nominees be, for any reason, disqualified to serve on said board, then the commissioner of revenue shall request the proper nominating body to name three additional persons eligible to serve on said board and from such additional nominees a person shall be selected to fill the vacancy occasioned by the disqualification of the original nominee or nominees or other vacancy." [Italics supplied.]

Here the Commissioner of Revenue rejected the original list of three nominees as submitted by the county Board of Education as he had a right to do. Title 51, § 89, Code 1940, as amended. The county Board of Education did not submit another list as requested and the Commissioner of Revenue in the subsequent selection and appointment of E. E. Graves waived his objection to the original list of nominees. We can see no escape from the wording of section 91, Title 51, Code 1940, that as long as there remains a qualified person on the original list of nominees as submitted by any nominating body the Commissioner of Revenue is without authority to call for additional nominees. There was no error in sustaining the demurrer to plea "3".

■ Appellant argues that the trial court erred in giving the affirmative charge for the appellee. The relator G. M. Russell avers in his complaint that he "is over the age of twenty-one years and is a resident

citizen of Morgan County, Alabama, and joins with the State of Alabama as plaintiff." There was no proof of this averment in the court below. Title 7, § 1136, Code 1940, is the basis of this proceeding and the following section 1137, Title 7, Code 1940, authorizes the action to be brought "on the information of *any person* giving security for the costs of the action". [Italics supplied.] Where the action is not at the direction of the circuit judge or where the Attorney General is not a party some relator must be joined with the state as a party plaintiff. West End v. State, 138 Ala. 295, 36 So. 423; Baker et al. v. State ex rel. Green, 222 Ala. 467, 133 So. 291; Ferguson v. State ex rel. Acton, 215 Ala. 244, 110 So. 20.

 When a relator is joined as a party plaintiff with the State and the complaint (Information) follows the language of the statute and alleges usurpation, intrusion or unlawful holding and exercising of the duties of a public office the burden of coming forward with some affirmative defense devolves upon respondent. Montgomery v. State ex rel. Enslen, 107 Ala. 372, 384, 18 So. 157; Sharp v. State, supra. This the respondent here attempted to do by plea "3."

In Montgomery v. State, 107 Ala. 372, 384, 18 So. 157, 160, the court said: "The state has the undoubted right to require of every one who claims to hold, and does hold, a public office under its statutory or constitutional provisions, to show a lawful authority for the exercise of its powers and privileges, *and this rule is not changed by the statutory provisions which permit a private person to join with the state in the inquiry by quo warranto*." [Italics supplied.]

The demurrer to plea "3" having been properly sustained the respondent was left with no affirmative defense. In State, ex rel., White v. Citizen's Light & Power Co. et al., 172 Ala. 232, 237, 55 So. 193, this court speaking through Justice Anderson said: "It may be true that in quo warranto a mere denial of each and every fact in the information would be insufficient." He was there speaking of certain pleas filed in that cause, but noted that if the State

saw fit to allege the circumstances and facts surrounding the usurpation, intrusion or unlawful holding and exercising of the office by defendant, then of course a general denial of same was almost, if not quite, the only adequate and proper reply. State ex rel. White v. Citizen's Light & Power Co. et al., supra.

 But in the instant case the duty was upon respondent to file some affirmative pleading. He could very well have tested the relator's right to bring the information by a plea in abatement. The gravaman of the action is that defendant is unlawfully installed in a public office and as noted the burden is upon the defendant to show his right and title thereto. Proof having been adduced on the trial below that the defendant was exercising the duties of a member of the Morgan County Board of Equalization, and in the absence of any affirmative defense, the State was entitled to the affirmative charge.

There appearing no error in the record the cause is due to be and the same is hereby affirmed.

Affirmed.

FOSTER, LAWSON and STAKELY, JJ., concur.