88 So.2d 674

**STATE ex rel. Arthur SMITH**

v.

**J. H. DEASON.**

**6 Div. 905.**

Supreme Court of Alabama.

Jan. 12, 1956.

Rehearing Granted June 30, 1956.

Selman & Beaird, Jasper, for appellant.

Fite & Wilson, Tweedy & Beech and Hoyt Elliott, Jasper, for appellee.

PER CURIAM.

The opinion of the Court heretofore announced is withdrawn and the following opinion is substituted in lieu thereof.

This is an appeal from the judgment by the Circuit Court of Walker County, Alabama, in a quo warranto proceeding brought by the appellant Smith. The proceeding involves the right of the contending parties to membership on the Board of Revenue of Walker County for District No. 1. At the time of trial, the office was held by J. H. Deason and claimed by Arthur Smith.

The office was formerly occupied by the late E. W. Swindle, who was elected at the General Election of November, 1952, for a term of four years beginning in January, 1953. Mr. Swindle died August 22, 1954. The appellee-respondent was issued a commission to this office by the Governor on September 17, 1954.

The Act creating the Board of Revenue for Walker County provides:

"Section Six. * * *; that should there be or become a vacancy in the membership of said Board of Revenue * * * the Governor shall fill such vacancy by appointment who shall serve until the first Monday after the second Tuesday in January following next general election after such appointment. * * *" Local Acts of Alabama 1935, page 131.

The office of member of the Board of Revenue for District No. 1 did not appear on the official ballot in Walker County for the general election in November, 1954. However, seventy-six of the persons voting in such election wrote in both the title of the office and the name of Arthur Smith, the relator, at the bottom of the official ballots cast by them. It is by virtue of these seventy-six write-in votes that the relator claims the office of member of the Board of Revenue. There is no evidence that any attempt was made by any other person in that election to secure write-in votes. After certification of the returns, Smith executed the prescribed oath of office and posted the necessary bond, but was prevented from occupying the office by the refusal of the respondent Deason to vacate.

While it does not appear that any certification of vacancy was made to the Governor, a second commission was issued to the respondent Deason on January 17, 1955. The evidence as to the existence of vacancy and the circumstances surrounding the issuance of the second commission leave much to be desired.

After this quo warranto proceeding was filed, it was placed on the docket of the Hon. Arthur Fite, Jr., one of the Judges of the Circuit Court of Walker County. The relator Smith, through his attorneys, filed a motion to require Judge Fite to recuse himself from ruling on any of the pleadings and from the trial of'this cause. The basis of the motion to recuse was as follows:

First, that prior to Judge Arthur Fite, Jr.'s appointment to the office of Circuit Judge he was a member of a law firm which represented the Board of Revenue, and that Judge Fite as a member of such law firm represented the Board of Revenue during the time when appellee was a member of such board serving under his first commission.

Second, that the respondent is represented in the present trial by the Hon. Arthur Fite, Sr., the father and former partner of Judge Arthur Fite, Jr. The motion further states that Mr. Fite, Sr., is now, and has been for several years prior thereto, retained as counsel for the Board of Revenue.

A hearing was had on the motion seeking to require Judge Fite to recuse himself, which motion was overruled. The truth of the matters alleged in the relator's motion was established by testimony at the hearing.

Demurrers were sustained to all counts of the relator's complaint. The complaint was amended and demurrers thereto were

again sustained to all counts except Count No. C on which ground the cause was tried. The trial was had before a jury. After the presentation of the relator's case, the respondent rested and offered no additional evidence. We will treat later the respondent's failure to carry forward the proof.

The court first gave the jury respondent's requested charge No. 1, which was the general affirmative charge with hypothesis. After the jury had retired and begun their deliberations, the court recalled the jury, withdrew its prior instruction, and gave the respondent's second requested charge, which was the general affirmative charge without hypothesis. Without retiring, the jury reached a verdict for the respondent on which judgment was rendered.

■ We must first consider the rulings of the court on the relator's motion for the trial judge to recuse himself. The first ground of that motion relates to Judge Fite's connection with the firm of Fite and Fite, which firm was retained by the Board of Revenue at the time of the respondent's original appointment to the board. It does not appear from the record nor is it contended that Judge Fite, during such time, rendered any legal service in connection with the respondent's appointment or his subsequent occupancy of the office of member of the Board of Revenue. Nor does it appear that because of his former representation of the Board of Revenue that Judge Fite had any interest in the subject matter of this quo warranto proceeding. We, therefore, hold that the mere fact that Judge Fite did, at a prior time, represent the Board of Revenue is insufficient, in and of itself, to require him to recuse himself in the trial of this cause. State ex rel. Austin v. City of Mobile, 248 Ala. 467, 28 So.2d 177.

■ The second ground of the motion is directed to the fact that Circuit Judge Fite is the son of one of the counsel for the respondent, and that the father is, and has been for several years prior hereto, retained by the Board of Revenue of Walker County as legal counsel. The Code of Alabama 1940, Title 13, Section 6, provides in part that "No judge of any court, * * * must sit in any cause or proceeding in which he is interested, or related to either party within the fourth degree of consanguinity or affinity, * * *." The determinative question here presented is whether Mr. Arthur Fite, Sr., the father of the trial judge, is a "party" within the meaning of the above cited Code section. The relator relies on the case of Gulf States Steel Co. v. Christison, 228 Ala. 622, 154 So. 565. As we view that case, however, it furnishes authority only for the proposition that an attorney is a "party" when he is directly interested in the subject matter of the suit, as for example, where he is employed on a contingent fee payable out of the judgment recovered. It is self-evident that all attorneys are "interested" in the outcome of their client's case. There is, however, a most important distinction between an "interest in the outcome of the case" and interest in the subject matter of the suit which would bring an attorney within the purview of Title 13, Section 6, above. If we are to find an interest in the subject matter of the suit by Mr. Fite, Sr., it must necessarily result from his employment by the Board of Revenue; and we must further assume, and find as a fact, that the outcome of the present proceeding would have a direct bearing on his continued employment by the Board. The authorities cited by the appellant do not support the conclusion that Mr. Fite, Sr., was a "party" to the case in the present circumstances. It is our opinion that the possible effect on future employment of this attorney is too remote an interest in the outcome of the litigation to establish Mr. Fite, Sr., as a "party" within the statutory prohibition. We, therefore, conclude that the court below did not err in its ruling on appellant's motion to require the trial judge to recuse himself.

■■ The basic question here involved is the right of the contending claimants to the disputed office. At common law, the judgment in a quo warranto proceeding de-

termined only the right of the respondent to the office. If the respondent admits holding the office and exercising its functions, the burden was upon him to show his right and title to the office.

However, by statute in Alabama, Code of Alabama 1940, Title 7, Section 1145, the judgment in a quo warranto proceeding may settle the rights of each of the contending parties. The appellant's right rests on his claim that he was duly elected to the office by the General Election of November, 1954. This contention is determined by deciding whether or not there was any legal election for the position of Board of Revenue of Walker County, District No. 1, at the time of the general election.

■ There was no space provided on the ballot for this office; and except for the seventy-six write-in votes for the relator, there was no competent evidence to show that an election for that office was held in November, 1954. Section 153, Title 17, Code, expressly directs that at each election every ballot shall contain the title of the office being voted for. This statutory provision must be strictly adhered to and a failure to substantially comply with the statutes invalidates the ballot. Walker v. Junior, 247 Ala. 342, 24 So.2d 431, 165 A.L.R. 1257.

■ Provision is made by sections 162 and 193, Title 17, Code, for writing in the name of some person and voting for him when his name is not printed on the ballot. Garrett v. State ex rel. Cuninghame, 211 Ala. 430, 100 So. 845. In Reed v. State ex rel. Davis, 234 Ala. 306, 174 So. 498, where the printed ballot named the office and provided that the voter may "vote for one," when two were to be elected, it was held not invalid to vote for two as authorized by law.

■ But there is no provision of law which justifies the addition to the printed ballot of the name of an office to be filled not appearing on the official ballot. It is not necessary to speculate on the reason

for such status of the law. But that is clearly its meaning. When so, the office to be voted for cannot be added to the ballot by a voter and the name inserted of one for whom he wishes to vote. For a case directly in point see Lawlor's Contested Election, 180 Pa. 566, 37 A. 92.

■ The relator's claim of title to the office is therefore without merit.

The second aspect of this proceeding involves the respondent's title to the disputed office. We have held that:

"When a relator is joined as a party plaintiff with the State and the complaint (Information) follows the language of the statute and alleges usurpation, intrusion or unlawful holding and exercising of the duties of a public office the burden of coming forward with some affirmative defense devolves upon respondent. * * *" Young v. State ex rel. Russell, 256 Ala. 84, 53 So.2d 350, 353.

■ To state the proposition otherwise, where the respondent admits that he is holding the office and exercising its powers and functions he has the burden to allege and prove that he is rightfully exercising such powers and functions. State ex rel. Chambers v. Bates, 233 Ala. 251, 171 So. 370; Roberts v. State ex rel. Bailey, 228 Ala. 222, 153 So. 432; Berk v. State ex rel. Thompson, 225 Ala. 324, 142 So. 832, 84 A.L.R. 740; Baker v. State, 222 Ala. 467, 133 So. 291; Sharp v. State ex rel. Elliott, 217 Ala. 265, 115 So. 392; Montgomery v. State, 107 Ala. 372, 18 So. 157.

■ As to the extent of the respondent's burden of proof, we find in Jackson v. State ex rel. Tillman, 143 Ala. 145, 42 So. 61, 62, the following:

"The Governor of the state has authority to issue commissions to public office, or appoint to the same, when authorized to do so by law. When the state requires one, who claims to hold a public office, as it has the unquestion-

able right to do, to show by what right and authority he holds and exercises the functions of said office, the duty and burden of showing a lawful right to the office is put upon the defendant. State v. Harris, 36 Am.Dec. 462. In such a case *it is not enough to show what might be termed a bare prima facie right to the office, such as would be evidenced by the holding of a commission from the chief executive, but the inquiry reaches further than this, and requires that it be shown, that the Governor thereunto was lawfully authorized to act.* * * *" (Emphasis supplied.)

See, also, Longshore v. State ex rel. Kroell, 200 Ala. 267, 76 So. 33; State ex rel. Little v. Foster, 130 Ala. 154, 30 So. 477. In Sharp v. State ex rel. Elliott, supra [217 Ala. 265, 115 So. 393], this Court more specifically held:

"* * * the burden is upon him [respondent] to show the facts necessary to render his holding lawful. *This includes, not merely the general authority of the Governor to appoint, but also the qualifications of the appointee* as prescribed by law, without which the appointment would be invalid and the commission nugatory." (Emphasis supplied.)

The first question in this connection is whether the then governor had the right to fill a vacancy which was created by the failure to elect a successor to an incumbent whose tenure of office is fixed by law. The case of State ex rel. Foster v. Rice, 230 Ala. 608, 162 So. 292, is pertinent. Vacancies in the office of judges and justices must be filled by appointment by the governor. Section 158 of the Constitution. In the Rice case Judge Brandon was probate judge and his term of office expired Monday after the second Tuesday in January 1935. Section 16, Title 41, Code. He was elected in November 1934 for a new term extending from Monday after the second Tuesday in January. He died before the expiration of the time for filing

his bond. His new term was thereby caused to be vacant under section 47, Title 41 (section 2610, Code 1923). The clerk of the circuit court certified such vacancy to the governor who appointed respondent Rice to the office. The term of the governor expired at 12:00 o'clock Monday night after the second Tuesday in January 1935. The Court held that the then governor had the right to appoint under section 158 of the Constitution. The vacancy occurred before the term began, but it was held to be a vacancy nevertheless under section 47, supra, on the first day of his term.

In the case of Oberhaus v. State ex rel. McNamara, 173 Ala. 483, 55 So. 898, 902, an act of the legislature provided that a jury commissioner appointed by the governor should hold office " 'till the first Monday after the second Tuesday in January 1911' ". Laws 1909, p. 305. On January 9, 1911, while the commissioner was serving under that appointment he was again appointed by Gov. Comer for a new term. Monday was January 16, 1911. Prior to that day he qualified as such commissioner and since January 16, 1911 served as a member of the commission. On Monday January 16, 1911, at 2:15 P. M. Emmet O'Neal took the oath of office as Governor of Alabama, having been duly elected. Section 116 of the Constitution provides that the term of the governor shall extend "from the first Monday after the second Tuesday in January next succeeding [his] election". Gov. Comer had been inaugurated governor on Monday, January 15, 1907. The Court held, 173 Ala. at page 496, 55 So. 898, that the term of the incoming governor begins on Tuesday, and not on Monday, after the second Tuesday in January. Therefore, that Comer was governor until midnight Monday, January 16, 1911. But the term of the jury commissioner continues under the act "till the first Monday after the second Tuesday in January 1911". Therefore, his term expired Sunday at midnight January 15, 1911, and the office was vacant on Monday, January 16, 1911, while Comer was still governor and the

jury commissioner's appointment as of that day was effective.

 In the instant case, Deason was holding the office under an appointment made by Gov. Gordon Persons on September 17, 1954, when a commission was issued to him. That appointment was made under a local act No. 232, approved July 31, 1935, Local Acts 1935, page 131. It provides "that should there be or become a vacancy in the membership of said Board of Revenue or * * * the Governor shall fill such vacancy by appointment who shall serve *until the first Monday after the second Tuesday in January following next general election after such appointment.*" So that, the precise period of his incumbency is thereby fixed. It is not coincident with the term of the office: it is not for the unexpired term, such as provided in section 176, Title 41, Code. The office in question is that of commissioner from district No. 1 on the Board of Revenue of Walker County. The regular term of such office would expire in January 1957. We are not therefore concerned with the regular term of the various commissioners under the act.

It is clear under the Oberhaus case, supra: (1) that the term of Deason under his appointment and commission expired Sunday January 16, 1955 at midnight, and (2) that Gov. Persons was the de jure governor of Alabama until midnight Monday January 17, 1955. On January 17, 1955, Gov. Persons appointed Deason for the second time and issued to him a commission on that day, and Deason qualified as required by law. That appointment, if valid, was for a term "until the first Monday after the second Tuesday in January following next general election". That will be in November 1956, since there was no general election in 1955.

It is insisted that the appointment is invalid because there is not shown to have been a certificate of the vacancy undertaken to be filled. There are certain situations creating a vacancy when the law requires a certificate to that effect, such as insanity, section 164, Title 41; death, sections 165 and 169, Title 41; resignations, section 172, Title 41; removal from county, district or circuit, section 173, Title 41; judgment vacating office, section 174, Title 41; vacancies filled by the legislature, section 175, Title 41. We find no requirement for such certificate of vacancy caused by the failure to elect some one to an office.

The record shows that Deason had the qualifications required by law to hold the office and that he performed the legal requirements to that end.

We see no infirmity in the appointment and tenure in the office here in question which would justify Deason's removal. It follows that the application for rehearing should be granted and the judgment of the trial court affirmed.

Application for rehearing granted, and judgment of the trial court affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and SPANN, JJ., concur.