REQUESTED BY: Dear Senator:
You have asked us certain questions regarding the provisions of the Political Accountability and Disclosure Act relating to the appointment of persons to the Nebraska Accountability and Disclosure Commission.
In your first question, you point out that the term of one member will expire on June 30, 1978. The Legislature has previously nominated and sent to the Governor a list of candidates to fill the vacancy that will occur June 30, 1978. The Governor has nominated from that list a member to fill the office. The individual nominated is the person who currently serves in the office that will become vacant at the end of the term, June 30, 1978. The Legislature is presently considering whether to confirm or not confirm that appointment.
Your first question is whether section 49-14,122, R.S.Supp., 1976, precludes the reappointment of this member at the current time.
The Political Accountability and Disclosure Act was enacted in 1976 with an operative date of July 1, 1977. Sections 49-14,105 through 49-14,114 provide the method of initial and subsequent appointments of members to the Political Accountability and Disclosure Commission. In an abbreviated fashion, this procedure is that the Governor and the Secretary of State are to appoint three members from lists furnished to those officers, containing three names each, submitted by the Legislature, the Republican Party State Chairman, and the Democratic Party State Chairman. The Governor and Secretary of State make their selections, subject to confirmation by the Legislature. The initial appointments were to be forwarded by March 15, 1977. That provision was complied with and those persons were confirmed by the Legislature. Section 49-14,111(2) provides:
 "All succeeding appointments to the commission shall be made in the same manner as the original appointments are made and succeeding appointees shall have the same qualifications as their predecessors."
Section 49-14,112 provides:
 "(1) When a vacancy occurs by expiration of a term of office or otherwise, the lists of persons nominated for appointments to fill the vacancy on the commission shall be submitted to the Governor or Secretary of State not later than fifteen legislative days following the convening of the next regular session of the Legislature. . . ."
In construing these statutes together, it is relatively clear that they do not envision the appointment of a successor to office prior to the expiration of the term of the office in that section 49-14,112 authorizes appointments to fill vacancies on the expiration of a term of office at the next legislative session. Thus, no statutory authority is provided for appointment to this commission until the next regular session of the Legislature after the expiration of the term of office or other act constituting a vacancy.
However, it has been held in some cases that a prospective appointment may be made where the vacancy is sure to occur. State ex rel. Koch v. Lexcen, 131 Mont. 161,308 P.2d 974, Annotation, 75 A.L.R. 2d 1277. At least one jurisdiction has adopted the rule that the Governor may fill a vacancy even though the term filled will not commence until after expiration of the Governor's term. McRae v. State,269 Ala. 241, 112 So.2d 487.
We have found no Nebraska cases that hold that an office may be prospectively filled. However, it seems clear in construing the legislative language employed in section49-14,112 the authority to appoint does not exist until after the vacancy by expiration of the term occurs. That authority is to be exercised by the next regular legislative session. Thus, it is our opinion that the statute must be construed to give effect to every portion thereof which would require the conclusion that the present Legislature is not empowered to nominate persons to be referred to the Governor for appointment to the term commencing July 1, 1978.
In your second question you ask whether an incumbent office holder may continue in office where no successor has been appointed or qualified to succeed the incumbent in office. The Supreme Court has indicated in State v.Willott, 103 Neb. 798, 174 N.W. 429 (1919), that an appointee to a public office is generally entitled to the statutory benefit that officers shall hold over until their successors are elected and qualified. Currently section32-1045, R.R.S. 1943, in part provides:
 "Every officer elected or appointed for a fixed term shall hold office until his successor is elected or appointed, and qualified, which fixed term shall end and the successor whether elected or appointed shall qualify on the day for taking office as provided by law. . ."
thus providing the right of an officer to continue to hold the office until a successor is appointed and qualified. We believe these statutes and cases apply to the Nebraska Political and Accountability Disclosure Commission. The member whose term ends June 30, 1978, may hold over until the successor is nominated, appointed and qualified by the next regular session of the Legislature commencing in January of 1979.
In your last question you ask whether the Legislature is unduly restricting the executive authority to appoint where the statute limits the executive to appointments from a list of names submitted by the Legislature.
The Supreme Court of the State of Illinois in Walkerv. State Board of Elections, 65 Ill.2d 516, 359 N.E.2d 113
(1976), held that the Illinois State Board of Elections' statutory method used to select members was unconstitutional. That method is closely analogous to our statutory method for selecting members to the Nebraska Political Accountability and Disclosure Commission. In a related case, the Nebraska Supreme Court in Wittler v. Baumgartner,180 Neb. 446, 144 N.W.2d 62 (1966), held unconstitutional a manner of selecting directors of a public power district. The court said:
 "It is contended that the Act is in violation of the Constitution in that the Act constitutes an encroachment by the Legislature upon the exclusive prerogatives of the Governor in violation of the distribution of powers section of the Constitution. Art. II, sec. 1, Constitution of Nebraska. This contention is based on the limitations imposed on the Governor in the appointment of directors to the grid system board of directors on the establishment of the grid system. The pertinent part of section 6 of the Act provides: `In the first instance the directors of the grid system shall be appointed by the Governor from among the directors of member districts whose management it assumes under the provisions of this act; . . ."
 "Under the Constitution of Nebraska the supreme executive power is vested in the Governor. . . . The Constitution further provides that the Governor, with the advice and consent of the Legislature shall appoint all officers whose offices are established by the Constitution, or which may be created by law, and that no such officer shall be appointed or elected by the Legislature. Art. IV, sec. 10, Constitution of Nebraska. . . ."
In the Wittler case the Governor's selection was restricted in certain districts to a single individual. The court went on to hold that:
 ". . . The right of the Legislature to prescribe reasonable qualifications of one to be appointed to office is not disputed. But the Legislature is prohibited by constitutional provision from appointing officers whose offices are created by law, either directly or indirectly. The provisions of the Act which limit the appointment of grid system directors by the Governor to a certain unnamed individual or to a limited few, is an encroachment by the Legislature upon the powers of the Governor and is void as violative of Article IV, section 10, of the Constitution of Nebraska." (Emphasis added.)
Thus, this language certainly raises a question as to the constitutionality of the present method of selecting members to the Nebraska Political Accountability and Disclosure Commission. While we cannot say with certainty that the method currently utilized is, per se, unconstitutional, limiting the Governor's selection to a group of three candidates submitted by the Legislature, it is, at least, constitutionally suspect.