Winston Griggs and Mary Gilmore filed this action to require Secretary of State Jim Bennett to place a newly created circuit court judgeship on the ballot for the 1996 primary and general elections. The trial court denied the relief, holding that § 6.14 of Amendment 328 of the Constitution of Alabama of 1901 required the initial appointee to the judgeship to seek election in 1998, not 1996. We affirm.
 I.
In 1990, the Alabama Legislature created an additional circuit judgeship for the Twentieth Judicial Circuit, to be filled at the general election held in 1992. Act No. 90-539, Acts of Alabama 1990.[1] The Twentieth Judicial Circuit is defined to include Henry and Houston Counties. Ala. Code 1975, §12-11-2(20).
The judgeship could not be filled immediately because it and many other judgeships in Alabama were the subject of civil rights litigation. The United States Court of Appeals for the Eleventh Circuit upheld the at-large method of filling these judgeships in *Page 412 SCLC of Alabama v. Sessions, 56 F.3d 1281 (11th Cir. 1995),[2] and the Supreme Court of the United States denied certiorari review on January 8, 1996, 516 U.S. 1045, 116 S.Ct. 704,133 L.Ed.2d 660 (1996).
On March 18, 1996, the Justice Department granted "preclearance" to the judgeship at issue in this case.[3] On March 26, 1996, the Alabama attorney general issued an opinion stating that under § 6.14 of Amendment 328 of the Constitution of Alabama of 1901 the Governor could, but was not required to, fill the vacancy in the Twentieth Judicial Circuit judgeship by appointment. 242 Ala. Op. Att'y Gen. 36 (1996). On March 26, the Governor appointed Larry Anderson to fill the vacancy.
On April 26, 1996, Griggs and Gilmore filed an action seeking an order directing the secretary of state to place the judgeship on the ballot for the primaries in June 1996 and the general election in November 1996. On October 7, 1996, the secretary of state moved to dismiss the complaint, arguing that § 6.14 of Amendment 328 required that the judgeship be slated for election in 1998. On October 30, 1996, the trial court dismissed the action on the ground that § 6.14 of Amendment 328 required that the judgeship be slated for election in 1998, not 1996.
 II.
The resolution of this appeal[4] depends on the operation of § 6.14 of Amendment 328. Section 6.14 provides:
 "The office of a judge shall be vacant if he dies, resigns, retires, or is removed. Vacancies in any judicial office shall be filled by appointment by the governor; however, vacancies occurring in any judicial office in Jefferson county shall be filled as now provided by amendments 83 and 110 to the Constitution of Alabama of 1901 and vacancies occurring in Shelby, Madison, Wilcox, Monroe, Conecuh, Clarke, Washington, Henry, Etowah, Walker, Tallapoosa, Pickens, Greene, Tuscaloosa, [or] St. Clair county shall be filled as provided in the Constitution of 1901 with amendments now or hereafter adopted, or as may be otherwise established by a properly advertised and enacted local law. A judge, other than a probate judge, appointed to fill a vacancy, shall serve an initial term lasting until
the first Monday after the second Tuesday in January following the next general election held after he has completed one year in office. At such election such judicial office shall be filled for a full term of office beginning at the end of the appointed term."
(Emphasis added.) Section 6.14 operates to fill vacancies in judicial offices. Although § 6.14 lists the usual causes of vacancy — death, resignation, retirement, or removal of an incumbent judge — it has long been recognized that vacancies may occur for reasons other than the usual causes listed in an appointment provision. See McRae v. State ex rel. Hyche,269 Ala. 241, 246, 112 So.2d 487, 491 (1959) (stating that a vacancy created by *Page 413 
a cause not listed in the appointment statute was nonetheless a "vacancy" to be filled by appointment); see also State exrel. Smith v. Deason, 264 Ala. 596, 88 So.2d 674 (1956); Stateex rel. Benefield v. Cottle, 254 Ala. 520, 49 So.2d 224 (1950);Shepherd v. Sartain, 185 Ala. 439, 64 So. 57 (1913). In this case, because of the unforeseen length of the litigation and because of the preclearance process, the office could not be filled by the 1992 election and was unoccupied, or vacant,[5] on March 18, 1996, when preclearance was finally received. As a vacant judicial office, the office was subject to being filled in accordance with either the general rule or the proviso of § 6.14.
The general rule of § 6.14 provides that after the Governor appoints a judge to fill a vacancy, that judge will serve until the next general election following his completion of one year in office. Judge Anderson completed one year in office on March 26, 1997. The next general election will be held in November 1998.
Griggs and Gilmore argue that the judgeship at issue in this case is not governed by the general rule of § 6.14, but by the proviso applicable to vacancies occurring in Henry County judgeships. If the proviso is applicable, then, Griggs and Gilmore assert, the judgeship would be subject to election under § 158 of the Alabama Constitution of 1901.[6] Section 158 provides that the appointed judge will serve until the next general election following the expiration of six months after the vacancy occurred. Assuming the vacancy occurred on March 18, 1996, when the Justice Department precleared the judgeship, Griggs and Gilmore argue that the judgeship should have been subject to election in November 1996 — the next general election following the expiration of the six-month period after March 18, 1996.
The viability of Griggs and Gilmore's contention depends on whether the general 12-months-from-appointment rule or the proviso's 6-months-from-vacancy rule applies to the judgeship. By its terms, the proviso applies to "vacancies occurring in . . . Henry . . . county." The proviso does not apply to vacancies occurring in Houston County. Yet, the judgeship is for the Twentieth Judicial Circuit, which includes both Henry and Houston Counties. Thus, there is some doubt as to whether the scope of the proviso is broad enough to encompass judgeships not limited to Henry County.
When a court is interpreting a proviso, the application of which is in doubt, general canons of construction require that the proviso be strictly construed. See Pace v. Armstrong WorldIndus., 578 So.2d 281, 284 (Ala. 1991); Norman J. Singer,Sutherland Statutory Construction, § 47.08 (5th ed. 1991);[7] see also Alabama State Docks *Page 414 Dep't v. Alabama Pub. Serv. Comm'n, 288 Ala. 716, 265 So.2d 135
(1972). A strict construction of the proviso, which applies to Henry County but not Houston County, would exclude the Twentieth Judicial Circuit from the scope of the proviso's operation. So construed, the proviso would still have operative effect because it would govern vacancies occurring in judgeships limited to Henry County. See, e.g., Ala. Code 1975, §12-12-1 (establishing a district court for each county), and §12-13-1 (establishing a probate court for each county).
Construction of the proviso to apply only to Henry County, and not to the entire Twentieth Judicial Circuit, is also supported by the fact that both Henry County and the Twentieth Judicial Circuit existed in December 1973 when the proviso, which refers only to Henry County, became law. See Act No. 614, § 1, Acts of Alabama 1919, p. 858 (creating the Twentieth Judicial Circuit, which included Houston and Henry Counties); Act No. 1020, § 1, Acts of Alabama 1973, p. 1556 (confirming, in an act approved on September 10, 1973, and effective on January 1, 1974, that Houston and Henry Counties remained in the Twentieth Judicial Circuit). Had the framers of § 6.14 intended to create an exception to the general 12-months-from-appointment rule for the Twentieth Judicial Circuit, as well as for Henry County, they could have done so by referring to the Twentieth Judicial Circuit in the proviso. They chose not to do so. See Alabama State Bar ex rel. Steinerv. Moore, 282 Ala. 562, 565, 213 So.2d 404, 406 (1968) (applying the rule of expressio unius est exclusio alterius to hold that specific listing in Constitution of Alabama of 1901 of departments to try impeachments implied the exclusion of unlisted departments); Crest Constr. Corp. v. Shelby County Bd.of Educ., 612 So.2d 425 (Ala. 1992) (holding in part that statutory provision of a specific remedy for unsuccessful bidders under the Competitive Bid Law precluded other remedies). Under the general rule of § 6.14, the new judgeship was subject to election at the next general election following the expiration of 12 months from March 26, 1996 — the November 1998 general election.
Therefore, the judgment of the trial court holding that the new judgeship for the Twentieth Judicial Circuit was not subject to election in November 1996 is affirmed.
AFFIRMED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, and KENNEDY, JJ., concur.
COOK, J., dissents.
[1] Act 90-539, in relevant part, provides:
 "Section 1. There is hereby created an additional circuit judgeship for the twentieth judicial circuit, which shall be designated Circuit Judgeship Number 4. The judgeship shall first be filled at the general election held in 1992; and each six years thereafter, a judge shall be elected to fill such judgeship at the same time as the election for other circuit judges of the twentieth judicial circuit."
[2] In SCLC of Alabama v. Sessions, black voters sued Alabama state officials, challenging the at-large system for electing trial judges in Alabama; the challenge was based on the Voting Rights Act. This challenge failed. SCLC, 56 F.3d at 1297.
[3] Under § 5 of the Voting Rights Act, 42 U.S.C. § 1973c, a covered state, such as Alabama, must submit proposed changes to election procedures, including the creation of new offices to be filled by election, to the United States Department of Justice for "preclearance" or to the United States District Court for the District of Columbia for a declaratory judgment to ensure compliance with the Voting Rights Act.
[4] We note that under the principles enunciated in Moore v.Ogilvie, 394 U.S. 814, 816, 89 S.Ct. 1493, 1494-95,23 L.Ed.2d 1 (1969), the interpretation of § 6.14 of Amendment 328 for this case is not moot, because the interpretation could impact future elections. In Moore, 394 U.S. at 816,89 S.Ct. at 1494-95, the Supreme Court of the United States held that a challenge to an Illinois election statute was not moot after the election, because the issue was capable of repetition, yet evading review. Accord Richardson v. Ramirez, 418 U.S. 24, 35,94 S.Ct. 2655, 2661-62, 41 L.Ed.2d 551 (1974) (holding that an appeal concerning a challenge to an election statute was not moot even after the election because the issue was capable of repetition, yet evading review). In State ex rel. Kernells v.Ezell, 291 Ala. 440, 444, 282 So.2d 266, 270 (1973), this Court expressly adopted the "capable of repetition, yet evading review" standard of Moore, supra, to hold that an action to allow inspection of a petition supporting a liquor referendum was not moot even after the election had been held.
[5] We note that the term "vacancy" has been defined as follows:
 "The word 'vacancy,' when applied to official positions, means, in its ordinary and popular sense, that an office is unoccupied, and that there is no incumbent who has a lawful right to continue therein until the happening of a future event, though the word is sometimes used with reference to an office temporarily filled."
Black's Law Dictionary 1548 (6th ed. 1990). Accord Ham v. Stateex rel. Blackmon, 162 Ala. 117, 120, 49 So. 1032, 1033 (1909) (Mayfield, J., dissenting) (stating that the term "vacant" commonly means that an office is "empty, unoccupied, without an incumbent") (citations omitted).
[6] Section 158 of the Constitution of Alabama of 1901 provides:
 "Vacancies in the office of any of the justices of the supreme court or judges who hold office by election, or chancellors of this state, shall be filled by appointment by the governor. The appointee shall hold his office until the next general election for any state officer held at least six months after the vacancy occurs, and until his successor is elected and qualified; the successor chosen at such election shall hold office for the unexpired term and until his successor is elected and qualified."
(Emphasis added.)
[7] Section 47.08 of Sutherland Statutory Construction states in pertinent part:
 "Provisos serve the purpose of restricting the operative effect of statutory language to less than what its scope of operation would be otherwise. They are construed using the same general criteria of decision applied to other kinds of provisions. However, where there is doubt concerning the extent of the application of the proviso on the scope of another provision's operation, the proviso is strictly construed. The reason for this is that the legislative purpose set forth in the purview of an enactment is assumed to express the legislative policy, and only those subjects expressly exempted by the proviso should be freed from the operation of the statute."
(Footnotes omitted.)