# Ham *v.* The State. *ex rel.* Blackmon.

## Quo Warranto.

(Decided May 24, 1909.   49 South. 1032.)

*Judges; Appointments; Vacancies.*—The first judge of the Coffee County Court was elected by the Senate and resigned October 3, 1903, and the next judge elected resigned April 6, 1905, when relator was elected to succeed him. There was no other election by the Senate or by the electors as provided, and on January 4, 1909, the governor appointed the defendant to office. Held, that under the Acts of 1900-01, p. 861, as amended by Local Acts 1903, p. 398, relator's term had expired, and the Senate having failed to elect a judge as provided, there was a vacancy which the governor was authorized to fill by appointment.

(Mayfield, J, dissenting.)

APPEAL from Coffee Circuit Court.

Heard before Hon. H. A. PEARCE.

Proceedings in the nature of quo warranto by the state on the relation of H. H. Blackmon against J. M. Ham, to oust Ham from office. From a judgment of ouster defendant appeals. Reversed and rendered.

J. F. SANDERS, for appellant. The county court of Coffee county was created by the Acts of 1900-01, at page 861, and this act was afterwards amended by the Acts of 1903,398, and this latter act was declared constitutional in the case of *Blue v. Everett,* 40 South. 203. Under both acts the Governor was authorized to fill the vacancies when caused from any reason. The failure of the senate to elect a successor in 1907, did not produce a vacancy under the holdover clause, but he holds until his successor is elected and qualified.—*City Council v. Hughes,* 65 Ala. 201; *Lane v. Cobb,* 92 Ala. 636;*Sandlin v. Dowdell,* 39 South. 280; *Dowling v. White,* 116 Ala. 306.

R. H. ARRINGTON, for appellee. The Acts providing for the court fix the manner in which each incumbent shall be succeeded and is mandatory and exclusive of any other manner of selecting the judge after the expiration of the term.—*State ex rel. v. Foster,* 130 Ala. 154. Under the terms of the act the officer elected held over for an indefinite period until his successor was elected according to the terms of the statute, and there was no vacancy.—*State v. Harrison,* 113 Ind. 234; 29 Cyc. 1399; Meachum on Public Officers, sec. 128-9. No successor having been elected by the Senate to succeed Judge Blackmon, the cases relied on by appellant have no field of operation. There was no vacancy in this instance.—*State v Harrison, supra; Stocking v. The State,* 7 Ind. 326; *People v. Tilton,* 37 Cal. 614. Even if there was a vacancy caused by the failure of the senate to elect

the Governor had no authority to fill it.—*State, ex rel. v. Foster, supra; Fox v. McDonald,* 101 Ala. 71.

. MAYFIELD, J.—The county court of Coffee was created and established by act of the Legislature of February 8, 1901 (Acts 1900-01, pp. 861, 867). This act was amended September 29, 1903 (Loc. Acts 1903, p. 398). The office of judge of said .court was created by the original act, which provided for the election of such judge, fixed the term of office, and provided for the filling of vacancies in the office.

The provisions of the original act necessary to be considered were substantially as follows:

First (section 1), that the judge should be elected by the Senate as soon as possible after the passage of the act, "whose term of office shall continue for six years, until his successor is (was) elected and qualified, which shall be done in the same manner at the end of six years thereafter."

Second (section 28), "that in case of a vacancy, caused by death or otherwise, of the judge or solicitor of said court, their successor shall be appointed by the Governor to fill the unexpired term."

Section 18 of the amendatory act provided, among other things: "That the judge of said court shall be elected by the Senate of Alabama, and his term of office shall be for six years; provided, that the present incumbent's term of office shall not expire until 1907, and until his successor is elected and qualified," etc. And further on, in the same section, it is provided as follows: "In case of vacancy caused by resignation, removal, or death, of the judge, or by any other cause, the Governor shall fill said vacancy by appointment, and the person so appointed shall hold his office by virtue of his appointment, until the election herein provided for the election

of his successor, by the qualified voters of the county."

On October 3, 1903, J. M. Loflin, the first judge of the court, resigned, and on the same date J. F. Sanders was appointed to succeed him, who held the office until the 6th of April, 1905, when he resigned, and H. H. Black-man was appointed to succeed him. There was no sub-sequent election to the office by the Senate during the regular or the extraordinary session of 1907, nor by the qualified electors—as seems to have been contemplated by last amendment. On the 4th of January, 1909, the Governor appointed the appellant, J. N. Ham, to the office of judge of said court. Ham qualified and entered upon the discharge of the duties of the office, and his predecessor instituted this proceeding against him to oust him from the office and to have himself reinstated as judge of the court. On final hearing the circuit judge declared Ham's appointment void and ousted him from office, but declined to decree Blackman entitled to the office or to restore him thereto. Ham alone appeals from that judgment.

The first and important question to be decided is, was there a vacancy in the office when the Governor appoint-ed Ham thereto on January 4, 1909? If not, the appoint-ment was of course void, and if the appointment was void, then the appointee could have no legal right to hold the office, and the judgment of ouster was proper. It has been often held that the words "vacancy" and "va-cant," when applied to an office and as used in a statute, have no technical meaning, but only their common or popular meaning. These words, when so used, are held to mean empty, unoccupied, without an incumbent. The office is vacant whenever it is unoccupied by a legally qualified incumbent who has a lawful right to continue therein until the happening of some future event.—*San-ders v. Blakemore,* 104 Mo. 340, 15 S. W. 960; *State v.*

*Bemenderfer,* 96 Ind. 374; *People v. Henderson,* 4 Wyo. 535, 35 Pac. 517, 22 L. R. A. 751.

An office cannot be vacant when there is a de facto incumbent. Blackman was certainly a de facto, if not a de jure officer, when Ham was appointed; therefore there was no vacancy—without which the Governor could not legally appoint—and hence the appointment of Ham at that time was void. The Governor could not create and declare a vacancy; he could only appoint when a vacancy existed.—*People v. Van Horne,* 18 Wend. (N. Y.) 515; *Elliott v. Burke,* 113 Ky. 479, 68 S. W. 445; *Harrison v. Simonds,* 44 Conn. 318. If the original statute controls, as to the appointment by the governor, then Ham could only be appointed to fill out the unexpired term of the incumbent, and if his term had expired before the appointment, then there could be no time in which Ham could serve. There is no authority for the Governor to appoint for a new term on the expiration of a previous term; the office could not be thus filled by appointment.—*Little v. Foster,* 130 Ala. 154, 30 South. 477.

If the amended statute controlled (and we think it did), then Blackman's appointment was not only to fill out the unexpired term of his predecessor, but was also to continue until his successor was elected; hence his term had not expired—there was no vacancy—and Ham's appointment would be void. If Blackman's term had expired, as is claimed by appellant, and he was unlawfully holding the office, he should have been ousted by an appropriate judicial proceeding, and not by an executive proceeding. While he was thus holding over, if the term had expired, he was at least a de facto officer; there was no opening created by a failure to elect his successor so long as he continued to hold the office, though during that time he may not have been a de jure

officer. There could be no vacancy in the office until he was removed voluntarily or involuntarily. The executive had no authority or power to remove him, so as to create a vacancy, and, of course, could make no appointment until there was a vacancy.—*Fox v. McDonald,* 101 Ala. 41, 13 South. 416, 21 L. R. A. 529, 46 Am. St. Rep. 98; *Nolen v. State,* 118 Ala. 154, 24 South. 251.

My brothers do not concur with me in the foregoing opinion. They are of the opinion that, the term having expired and the Senate having failed to elect a judge as provided by the statute, there ensued such a vacancy as authorized the Governor to appoint, and that the respondent, Ham, is legally entitled to the office.

The judgment of the circuit court ousting the respondent is reversed, and a judgment will be here rendered dismissing the proceeding.

Reversed and rendered.

DOWDELL, C. J., and SIMPSON, ANDERSON, DENSON, McCLELLAN, and SAYRE, JJ., concur. MAYFIELD, J., dissents.