49 So.2d 224

**STATE ex rel. BENEFIELD v. COTTLE.**
5 Div. 494.

Supreme Court of Alabama.
Nov. 30, 1950.

D. T. Ware and Paul J. Hooton, of Roanoke, for appellant.

Thos. W. Graff, of Roanoke, for appellee.

LAWSON, Justice.

This is an information in the nature of a quo warranto by the State, on the relation of J. V. Benefield, and by J. V. Benefield individually, against Ed Cottle. From a judgment in favor of respondent, relator appeals to this court.

J. V. Benefield was appointed constable of Beat 10, Randolph County, by the Governor in October, 1941. The appointment was to fill a vacancy created by resignation. The appointment was for the unexpired portion of the term and until his successor was elected and qualified. § 29, Title 54, Code 1940. Mr. Benefield was duly commissioned. Before entering upon his duties he executed bond in accordance with the requirements of § 31, Title 54, Code 1940.

The term of Mr. Benefield's predecessor expired in January, 1945. He did not offer for reelection in 1944, nor was anyone else elected constable of Beat 10, Randolph County, at the election held on the first Tuesday after the first Monday in November, 1944. § 69, Title 17, Code 1940. Although Mr. Benefield was neither elected nor appointed constable of Beat 10, Randolph County, for the term beginning January, 1945, and ending January, 1949, he continued to act as such constable and on December 2, 1946, filed a bond in the office of the probate judge of Randolph County, reciting in part as follows:

"Whereas, the principal has been elected or appointed to the office of Constable

Now, Therefore, the Condition of this Obligation is such, that if the said 'Principal' shall during the period beginning January 20, 1947 and ending January 19, 1951 well and faithfully discharge all the duties and trusts imposed upon him by reason of his election or appointment to said office, and honestly account for all moneys coming into his hands as such officer according to law except as hereinafter limited, then this obligation shall be null and void; otherwise to be and remain in full force and virtue."

The next date prescribed by law for the election of a constable for Beat 10, Ran-dolph County, was on the first Tuesday after the first Monday in November, 1948. § 69, Title 17, Code 1940. No one was elected constable of said beat in that election. Mr. Benefield continued to act as constable during the term beginning in January, 1949, although he had not been elected or appointed to the office since his appointment in October, 1941.

On February 17, 1950, the present Governor appointed the respondent, Ed Cottle, constable of said beat. He executed bond. Thereafter commission was issued by the Governor on February 23, 1950.

The manner of filling vacancies in the office of constable is prescribed by § 29, Title 54, Code 1940, which section is as follows: "Vacancies in the office of constable are filled by appointment of the governor, and the person appointed holds office for the unexpired term, and until his successor is *elected* and qualified." (Emphasis supplied.)

The argument of appellant, relator below, is in substance that there was no vacancy in the office of constable of Beat 10, Randolph County, at the time the Governor attempted to appoint the respondent, Cottle, in that relator had been appointed to that office in October, 1941, had continued to perform the duties of the office, had not resigned, and no one had been *elected* as his successor. Otherwise expressed, relator claims that under the last clause of § 29, Title 54, he is the de jure constable of said beat under the 1941 appointment until he or someone else is elected to that office.

We cannot agree with this insistence. It is now the settled law of this state that the words "until his successor is elected and qualified" were never intended to prolong the term of office beyond a reasonable time, after the election, to enable the newly elected officer to qualify. Prowell v. State, 142 Ala. 80, 39 So. 164; Ham v. State, 162 Ala. 117, 49 So. 1032. As stated by Chief Justice Brickell in City Council of Montgomery v. Hughes, 65 Ala. 201, 206–207, wherein a similar provision was involved, after the expiration of such reasonable time the office would become vacant.

■ We are clear to the conclusion that on February 17, 1950, the date on which the Governor appointed Mr. Cottle, there was a vacancy in the office of constable of Beat 10, Randolph County, and that by virtue of that appointment Cottle became the constable of said beat. The trial court correctly so held.

The judgment is affirmed.

Affirmed.

FOSTER, LIVINGSTON, and STAKELY, JJ., concur.