This is a case concerning the rights of a finder of lost or abandoned property.
In June 1983 Danny Lee Smith and his brother, Jeffrey Allen Smith, took possession of a sixteen-foot fiberglass boat which they found lying beside the roadway in Mobile County. Seeing two sheriff's deputies, they stopped them to discuss the boat. After calling in the situation and receiving instructions, the deputies, over the Smiths' objections, impounded the boat. The Smiths then made it clear that if the true owner of the boat was not found they wanted it. No one claimed the boat, and it remains in the custody of the Mobile County Sheriff's Department.
The Smiths sued for the boat and later for conversion. The sheriff, as an affirmative defense, asserted a local law enabling him to act as he did. In the trial court the Smiths were granted a summary judgment but were ordered to pay the cost of storing the boat. The Smiths appeal as to the storage costs; the Mobile County sheriff (sheriff) cross-appeals the judgment against him and the denial of his motion for a summary judgment.
In 1976 the Alabama legislature passed an act allowing counties with a population of 300,000 to 500,000 to provide for taking, storing, and selling abandoned, stolen, or seized and condemned contraband personal property located in the county. 1976 Ala. Acts, Act No. 596. Pursuant to this act, Mobile County passed the county ordinance upon which the sheriff relies, which is entitled "Disposition of Property Seized by Sheriff" (local ordinance). The local ordinance provides, in pertinent part, that any personal property found by a citizen in Mobile County, the sheriff, or one in the sheriff's employ, is deemed abandoned if the owner cannot be found within six months. The sheriff is to take the property into possession, store it, and, should the rightful owner not be found, hold a public auction twice per year. Proceeds of the sale go to the health and recreation programs fund to benefit employees of the Mobile County Sheriff's Department. The sheriff relies on the local ordinance as authority for his action in taking and storing the boat in question.
The Smiths contend that the local ordinance does not apply to the facts of this case and that, as finders of the boat, they acquired good title upon taking possession of the boat against all but the true owners. We agree.
Under section 35-12-1, Code 1975, the finder of a lost thing is not bound to take charge of it, but if he does so, he becomes a depository for the owner. It was generally recognized at common law that the finder of a lost chattel acquired title and ownership of the chattel against all the world except the true owner. See 1 Am.Jur.2d Abandoned, Lost UnclaimedProperty §§ 18, 19, 25 (1962).
It is undisputed that the Smiths found the boat and took possession of it with the intent to keep it against all but the true owner. Under section 35-12-1 they were entitled to do so and to keep the boat, unless the true owner appeared and demanded the same.
Both the local county ordinance and sections 35-12-1 through -6, Code 1975, purport to govern the facts of this case, but the application of both statutory schemes will render conflicting results. It is a well-established rule that, whenever possible, conflicting statutes should be reconciled and construed in harmony with each other. Siegelman v. Folmar,432 So.2d 1246 (Ala. 1983); Waters v. City of *Page 1133 Birmingham, 282 Ala. 104, 209 So.2d 388 (1968); Sparks v.Calhoun County, 415 So.2d 1104 (Ala.Civ.App. 1982). Moreover, in interpreting statutes, the underlying consideration is to understand and effectuate the intent of the legislature as expressed in the statutes. Siegelman v. Folmar, supra.
In the present case the two statutory schemes can be easily reconciled to provide one harmonious system for addressing and disposing of lost or abandoned property in Mobile County. It appears that the legislature, by authorizing the ordinance to be adopted, intended to create a system whereby lost or abandoned property found in Mobile County by the sheriff or by a citizen and voluntarily turned over to the sheriff could be disposed of. See Act 596, supra. On the other hand, the legislature obviously intended by its enactment of section35-12-1, Code 1975, that a citizen who found lost property and wanted to keep it could hold it against everyone except the true owner. We, therefore, consider that it was the intention of the legislature in the one instance to provide for the disposition of lost property found by a citizen who did not wish to keep it and in the other instance to authorize a citizen who found lost property and wanted to keep it to do so against the wishes of everyone except the true owner. Such a construction recognizes the desire of the legislature to provide for the disposition of lost property in two different situations. Such a construction also harmonizes and reconciles the two statutes to give each one a field of operation.
Applying the facts in the case at bar to the two statutes, it becomes quite clear that they do not fit within the scope of the local ordinance. The evidence before the trial court was that the Smiths desired to keep the boat and only reluctantly turned it over to the sheriff's deputies. The trial court therefore correctly concluded that the Smiths were entitled to the boat, but incorrectly found that they should reimburse the sheriff for the expense of storing the boat. Because the local ordinance did not apply, the sheriff had no authority to charge the Smiths with storage costs.
For the foregoing judgment to be properly granted, the pleadings and affidavits must, when taken in the light most favorable to the nonmoving party, establish no scintilla of evidence which raises a genuine issue as to any material fact, and it must appear that the nonmoving party cannot prevail under any discernible set of circumstances. Cheatham v. GeneralMotors Corp., 456 So.2d 1101 (Ala.Civ.App. 1984); Rule 56, Alabama Rules of Civil Procedure. Here, there was not a scintilla of evidence that the Smiths voluntarily relinquished possession of the boat to the sheriff nor that they placed the boat with the sheriff for storage as is permitted by the local law. Therefore, that part of the summary judgment awarding possession of the boat to the Smiths is correct, but that part of the judgment requiring the Smiths to pay the sheriff storage costs is in error and must be set aside. The denial of the sheriff's motion for summary judgment is correct.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.