PER CURIAM.
This case involves an interpretation of Ala. Const.1901, amend. 328, § 6.21(c), and Code 1975, § 12-14-30(a) and (b), as they relate to terms of office of part-time municipal judges. On October 4, 1976, the two appellees were appointed as part-time municipal judges by a formal resolution of the Prichard City Council.
Amendment 328, known as the Judicial Article, was ratified on December 27, 1973.[1] The appellees were never reappointed by the City Council at any time after October 4, 1976. On October 2, 1984, the City Council, by formal resolution, appointed attorneys Jerry Pilgrim and Janice Spears to fill the appellees’ positions as part-time municipal judges.
On October 22,1984, the appellees filed a complaint in circuit court. They asserted the City Council’s action was illegal, and they requested that the city be enjoined from removing them from office until December 27, 1985, at the earliest. The circuit court ruled that the appellees were serving two-year terms which would expire on December 27, 1985, and the court ordered that the appointments of Pilgrim and Spears could not be effective until after December 27, 1985.
The trial judge interpreted the Judicial Article to mean that each appellee began serving a two-year term on December 27, 1977.[2] In his view, in the absence of any City Council action, the appellees would serve successive two-year terms unless and until the City Council appointed a different judge within a reasonable time after the expiration of a two-year term. The appointments of Pilgrim and Spears about nine months into what the court considered to be the current two-year term was held not to have come within a reasonable time; thus, the appointments were ruled to be ineffective. For the reasons stated below, we reverse the judgment.
Code 1975, § 12-14-30(a), provides, that “The governing body of the municipality shall, by vote of a majority of its members, appoint judges of the municipal court.” Code 1975, § 12-14-30(b), provides, in part: “The term of office of a municipal judge other than a full-time municipal judge shall be two years. The term of either full-time or part-time municipal judges shall continue until a successor has been appointed and qualified.”
We do not interpret the Judicial Article, § 12-14-l(a), or § 12-14-30(b) to provide that part-time municipal judges’ two-year terms would automatically begin to run from December 27, 1977. Thus, the last two-year term granted to the appellees ran from October 4, 1976, to October 4, 1978.
No provision of the Judicial Article or § 12-14-30 provides for automatic renewals of successive two-year terms. The statute plainly provides that the term of office of part-time municipal judges “shall continue until a successor has been appointed and qualified.” After October 4, 1978, the appellees were merely holding office pursuant to § 12-14-30(b) until the City Council chose either to reappoint them to another two-year term or to appoint other judges to their positions. See State ex rel. Benefield v. Cottle, 254 Ala. 520, 49 So.2d 224 (1950) (holding that a constable was not entitled to a new four-year term after the failure to hold a timely election for the office, but that he served until the governor appointed another person to the office), and Op. Att’y Gen. 84-00065 (Nov. 17, 1983) (correctly stating that the phrase *377 “until a successor has been appointed and qualified” in § 12-14-30(b) should receive the same interpretation as Cottle gave to the statute involved in that case, present 1975 Code, § 36-23-2, which provides that “the person appointed shall hold office for the unexpired term and until his successor is elected and qualified”).
Since we determine that the appellees were not serving a succession of two-year terms, we hold that the City Council acted within its authority in appointing Pilgrim and Spears on October 2, 1984.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES and HOUSTON, JJ., concur.

. Ala. Const.1901, amend. 328, § 6.21(c), provides in part: "All city judges who are in office when this article becomes effective shall continue to be judges of their respective courts. All present city courts shall continue to function as provided by law for four years."

. Code 1975, § 12-14-1.