THIGPEN, Judge.
In April 1993, J.P. and C.P. (petitioners) filed a petition in the Probate Court of Calhoun County, seeking to adopt J.S., an unrelated minor child. The petitioners alleged that J.S. had been in their custody since November 1991, when the biological mother, who is a friend of the petitioners’ daughter, placed J.S. with them while she devoted her efforts to taking better care of herself. They further alleged that it was initially anticipated that placement of J.S. with the petitioners was temporary; however, it became apparent that they were J.S.’s only “real family” and means of support. Pursuant to the request of the petitioners, the probate court entered an interlocutory order granting J.S.’s custody to the petitioners.
In May 1993, the biological mother filed a motion contesting the adoption, alleging, among other things, that she had not consented to the adoption, and that the petitioner had refused her request for J.S. to be returned to her and her offer for monetary support for J.S. The mother’s motion to transfer the matter to the Juvenile Division of the Calhoun County Family Court, pursuant to Ala.Code 1975, § 26-10A-24(e), was granted, and a guardian ad litem was appointed for J.S. The father was served by publication, after other methods of service failed, but he never appeared.
In October 1994, following ore tenus proceedings, the trial court entered an order finding that it was in the best interest of the minor child to terminate the parental rights of both parents in order to grant the adoption, and it entered a final order accordingly. The mother filed a post-judgment motion, contending that the trial court’s order erroneously applied the “best interest” standard, when the correct, applicable standard, she contends, was the “termination of parental rights standard ... as used, in juvenile court under the factors set out in the appellate eases for termination of parental rights.” The mother also contended that “the Adoption Code as applied is vague and violates due process.” Her post-judgment motion was denied, and she appealed.
The mother raises two issues on appeal: (1) whether Ala.Code 1975, § 26-10A-1 et seq., the Alabama Adoption Code, violates the due process and equal protection guarantees of the Fourteenth Amendment to the U.S. Constitution in its application when parental rights are terminated; and (2) whether the trial court erred in terminating parental rights without applying the factors set forth in Ala.Code 1975, § 26-18-7.
A fundamental rule of statutory construction is that “all statutes relating to the same subject or having the same general purpose must be read together to constitute one law.” Florence v. Williams, 439 So.2d 83, 87 (Ala.1983). A court construing a statute must look not only to the language of the statute, but also to the “purpose and object of the enactment, and its relation to other laws and conditions which may arise under its provisions.” Siegelman v. Folmar, 432 So.2d 1246, 1249 (Ala.1983). Additionally, in construing a statute, the court’s duty is to “ascertain and effectuate the legislative intent expressed in the statute, which may be gleaned from the language used, the reason and necessity for the act, and the purpose *537 sought to be obtained.” Bama Budweiser of Montgomery, Inc. v. Anheuser-Busch, Inc., 611 So.2d 238, 248 (Ala.1992). Furthermore, if a statute is susceptible to two constructions, and one is workable and fair but the other is unworkable and unjust, the court assumes that the legislature intended that which is workable and fair. Ex parte Hayes, 405 So.2d 366 (Ala.1981). It follows, therefore, that Ala.Code 1975, § 26-10A-1 et seq., the Alabama Adoption Code (AAC), must be read in pari materia with Ala.Code 1975, § 26-18-1 et seq., the 1984 Child Protection Act (CPA). See Ex parte R.C., 592 So.2d 589 (Ala.1991).
The mother argues that the AAC violates, among other things, a parent’s due process rights when it is applied to terminate parental rights, because, she says, it provides no guidelines or standards for the trial court. Our research indicates that our legislature did not intend for only the AAC to control when an adoption proceeding also involves the termination of parental rights. While the AAC and the CPA may not be models of clarity in legislative drafting and may appear complex, when they are read in pari mate-ria, a workable construction can be applied. Ala.Code 1975, § 26-10A-3, provides the probate court with original jurisdiction over adoption proceedings; it further states:
“If any party whose consent is required fails to consent or is unable to consent, the proceeding will be transferred to the court having jurisdiction over juvenile matters for the limited purpose of termination of parental rights. The provisions of this chapter shall be applicable to proceedings in the court having jurisdiction over juvenile matters.”
(Emphasis added.)
In the CPA, our legislature clearly provided guidelines and standards for terminating parental rights based upon clear and convincing evidence. Ala.Code 1975, § 26-18-7. Mindful of the serious nature of cases involving the termination of parental rights and the need to comply with the requirements of due process, our Supreme Court established a two-pronged test to be applied. Ex parte Beasley, 564 So.2d 950 (Ala.1990). The court must determine whether grounds for termination exist, including, but not limited to, those specifically listed in § 26-18-7, and must also determine whether all viable alternatives to the termination of parental rights have been considered. Beasley, 564 So.2d 950. Paramount in a determination regarding the termination of parental rights is a consideration of the child’s best interest. Beasley, 564 So.2d 950. Furthermore, where the State or a nonparent seeks to terminate parental rights, the court must find that the child is dependent. Beasley, 564 So.2d 950. Additionally, we note that the United States Supreme Court has held .that, in a termination of parental rights proceeding, a “clear and convincing evidence” standard of proof satisfies the requirements of due process, while a lesser standard does not. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982).
A construction of the AAC that usurps and overrides the CPA, and that calls for the application of a lesser or different standard, is an unworkable, unjust, and unreasonable interpretation. More importantly, the imposition of a lesser standard would clearly be unconstitutional. Santosky, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599.
Accordingly, we conclude that, based upon the fundamental rules of statutory construction, our legislature intended for the AAC and the CPA, considered in pari mate-ria, to provide the mandated constitutional safeguards for the rights of parties whose parental rights are sought to be terminated. To assume that our legislature intended for the “best interest” standard to be applied by the juvenile court in terminating parental rights in an adoption proceeding would be unworkable and unjust; another construction that is workable and fair exists. Furthermore, to assume that the legislature intended for the AAC and the CPA to exist independently of each other, each in a vacuum, with no intermingling, dependence, or interaction, would indicate that our legislature has intentionally defied the mandate of the United States Supreme Court requiring a “clear and convincing” standard of proof. Although we may agree with the mother’s assertions that the AAC is not a model of clarity, our duty is to ascertain and effectuate the legislative in *538 tent expressed in the language used, the reason and necessity for the act, and the purpose sought to be obtained.
Therefore, we find that the AAC, when read in pari materia with the CPA, is not unconstitutional when applied in terminating parental rights in an adoption proceeding. The CPA clearly provides the standards to be applied by the court in determining whether to terminate parental rights, and nothing limits the application of the CPA only to parental rights termination cases originating from separate and independent actions in the juvenile court or apart from adoption proceedings. No substantive provisions for terminating parental rights exist in the AAC, because the substantive provisions are provided in the CPA.
The mother persuasively argues that the trial court erred in terminating her parental rights without following the applicable provisions of the CPA, specifically § 26-18-7, in that it used an improper standard. While the best interest of the child is always a paramount concern in such cases, the trial court erred in applying the “best interest” standard to the question regarding the termination of the mother’s parental rights. The termination of parental rights standard provided by the CPA, and the case law interpreting the CPA, should have been applied. Accordingly, the judgment must be reversed and the cause remanded for the trial court to apply the proper standard to reach a decision.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., dissents.