I dissent from the majority's holding that Chief Justice Hornsby held over in a de jure capacity.
Amendment 328, Ala. Const. 1901, was adopted by the people of Alabama on December 18, 1973, as the new Judicial Article (Art. VI) of the Alabama Constitution. Section 6.15(a) of Amendment 328 provides: *Page 944 
 "(a) The term of office of each judge of a court of the judicial system of this state shall be six years."
Section 6.15(a) omits the language "and until their successors are elected or appointed, and qualified," which was found in the former constitutional provision governing terms of office of judges in the state.[4] Constitutional provisions are to be strictly construed, and courts have "no right to broaden or restrict the meaning of words used." Cityof Birmingham v. City of Vestavia Hills, 654 So.2d 532, 538
(Ala. 1995). "When construing the Constitution of Alabama, [courts are] to ascertain and effectuate the intent and object originally intended to be accomplished." Brown v. Longiotti,420 So.2d 71, 74 (Ala. 1982). The language of § 6.15(a) is clear and unambiguous. Therefore, there is no room for construction, and the clearly expressed intent must be given effect. State ex rel. Robertson v. McGough, 118 Ala. 159, 166,24 So. 395 (1898).
Because language included in the original constitutional provision was omitted from the amended version, it must be concluded that the omission was intended. I would also note that the statutes on which the majority relies in support of its conclusion that Hornsby held over in a de jure capacity predate the new Judicial Article. Constitutional provisions "are of a higher order of law than statutes"; such provisions "are more basic and permanent than statutes." Gafford v.Pemberton, 409 So.2d 1367, 1373 (Ala. 1982). Where the Constitution and a statute are in conflict, the Constitution controls. Williams v. Schwarz, 197 Ala. 40, 72 So. 330 (1916). I think it clear that the term of office of the Chief Justice is for six years, pursuant to § 6.15, and that the term cannot be extended by legislative act. For that reason, Hornsby could not have held the office of Chief Justice in a de jure
capacity.
Moreover, the fact that Hornsby could not have held over in a de jure capacity is clear because of settled caselaw construction of the phrase "and until their successors are elected and qualified." Although it is my opinion that § 6.15 restricts the term of office of judges to six years only, had the constitutional article included the phrase "and until their successors are elected and qualified," it is well established that the time period for holdover is limited to a reasonable time. See, e.g., City Council of Montgomery v. Hughes, 65 Ala. 201
(1880), Prowell v. State ex rel. Hasty, 142 Ala. 80,39 So. 164 (1905), Ham v. State ex rel. Blackmon, 162 Ala. 117,49 So. 1032 (1909), and State ex rel. Benefield v. Cottle,254 Ala. 520, 49 So.2d 224 (1950). Thus, even assuming, arguendo, that the enabling legislation provided the right of holdover to Hornsby, I think it clear that he stayed in office beyond a reasonable time. Because the defendants agreed that Hornsby's performance of the duties of the office of Chief Justice were lawful actions and, therefore, that his actions and decisions were binding and valid, pursuant to § 36-1-2 et seq., I would hold that he served in a de facto capacity pursuant to §36-1-2, Ala. Code 1975, after January 16, 1995.
ROBERT L. BYRD, Special Justice, concurs.
[4] The former constitutional section governing terms of office for judges, § 155, Art. VI, Ala. Const. 1901, had provided, in part: "Except as otherwise provided in this article, the chief justice and associate justices of the supreme court, circuit judges, chancellors, and judges of probate, shall hold office for the term of six years, and until their successors areelected or appointed, and qualified; . . . ."
(Emphasis added.)