CRAWLEY, Judge.
The State of Alabama filed a complaint to condemn 22 firearms. Following ore tenus proceedings, the trial court ordered the arms condemned.
Joe D. Frederick, Jr. (the “grandson”), after being released from juvenile facilities in Texas, stole an automobile from Joe L. Frederick (the “grandfather”), drove to Demopo-lis, Alabama, and stopped at a fast-food restaurant. The Demopolis police were called when a pistol was discharged in the bathroom at the restaurant. The police followed the grandson to a nearby hospital. The police found the automobile in the hospital parking lot, but the grandson had fled. The automobile windows were down and the ignition key was missing. The police found a business card of Joe D. Frederick (the “father”). The police telephoned the father who told them that the automobile had been stolen by the grandson and that there were weapons in the trunk of the automobile. After breaking into the trunk, they found 21 weapons. The police arrested the grandson at his mother’s house in another county and removed a pistol from the grandson’s person. The police confirmed that the automobile had been reported stolen to the Tyler, Texas, Police Department. Instead of prosecuting the grandson in Alabama, the police returned him to the Texas authorities. The weapons remained in possession of the police department.
*234 The grandfather appeals the judgment of condemnation. After publication of notice of the complaint to condemn, the grandfather filed an answer claiming ownership. The father was a named defendant and was properly served, but he did not file an answer and did not appear for trial. The grandson was not named as a defendant and did not appear at trial.
As a basis for condemnation on the grounds of abandonment, the complaint alleged that the “weapons were brought into the state in a stolen vehicle and the State has reason to believe the weapons are stolen (many having altered and/or obliterated serial numbers)” and that the weapons were abandoned and the true owner was unknown.
The testimony as to ownership of the weapons was disputed. The grandfather testified that the weapons were his. The State attacks his credibility and his motive for claiming possession, and it questions whether he could legally possess some of the weapons. The police investigators testified that the weapons belonged to the father, who is a convicted felon living in Texas. The automobile was located at the father’s house when it was stolen; the father knew the weapons were in the trunk of the automobile; the father’s business card was found in the automobile; several of the weapons had been registered in the father’s name; and the grandfather had no documentation to indicate that he owned the weapons. This testimony is sufficient to support a finding that the grandfather did not own the weapons.
The grandfather contends that the State has no legal right to condemn the weapons. The State admits in its brief that because the grandson was not convicted, the statutory provisions for condemnation or forfeiture do not apply. See Ala.Code 1975, § 20-2-93 (forfeiture of property appropriate when controlled substance laws are violated); Ala. Code 1975, § 13A-11-84 (condemnation of firearms when statutory provisions relating to pistols are violated); Ala.Code 1975, § 13A-12-72 (condemnation when lottery paraphernalia is involved); Ala.Code 1975, § 28-4-286 (condemnation and forfeiture for the illegal transportation of alcoholic beverages); and Ala.Code 1975, § 13A-12-200.8 (forfeiture of property where obscene materials and minors are involved).
Although the weapons were not subject to statutory condemnation, we conclude that the weapons were lost property and that the Demopolis Police Department has become the owner of the weapons pursuant to Ala.Code 1975, § 35-12-1 et seq.
Section 35-12-1, Ala.Code 1975, states:
“One who finds a thing lost is not bound to take charge of it; but if he does so he is thenceforward a depositary for the owner, with the rights and obligations of a depositary for hire.”
Stolen property abandoned by the thief at a place unknown to the owner is considered under the statute to be lost property. Automobile Ins. Co. v. Kirby, 25 Ala.App. 245, 144 So. 123 (1932).
This court stated in Smith v. Purvis, 474 So.2d 1131 (Ala.Civ.App.1985):
“Under section 35-12-1, Code 1975, the finder of a lost thing is not bound to take charge of it, but if he does so, he becomes a depository for the owner. It was generally recognized at common law that the finder of a lost chattel acquired title and ownership of the chattel against all the world except the true owner.”
474 So.2d at 1132 (citations omitted).
There was no evidence that anyone other than the grandfather or the father owned the weapons. We assume that the trial court did not believe the grandfather’s testimony that he owned the weapons;' rather, the trial court could have concluded that the father owned the weapons. The father did not answer the complaint in order to claim the weapons. Therefore, the Demopolis Police Department acquired title and ownership, and the judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ„ concur.
MONROE, J., concurs in the result.